SAPPINGTON ET AL v. L. R., M. R. & T. R. R. Co.

1. RAILROAD COMPANY: *Liability upon agreements for building road bed.*
   An agreement of a railroad company in consideration of the right of way through one's lands, to so build its road bed as to protect the lands from overflow. imposes upon it, as an artificial person, a personal obligation, for a breach of which it, or a company afterwards consolidated with it, would be liable to an action at law for damages.

2. RAILROADS: *Liability of purchasers of, for their obligations.*
   A purchaser of the road bed, property and franchises of a railroad company is not liable for its obligations, which are not liens upon the property.

APPEAL from *Chicot* Circuit Court,
Hon. T. F. SORRELLS, Circuit Judge.

STATEMENT.

On the twenty-second of May, 1877, Sappington and Frazier filed in the Circuit Court of Chicot county their complaint at law, alleging, in substance, that they were the

owners of certain lands in said county described in the com-
plaint; that about the year 1870 the Little Rock, Pine Bluff
and New Orleans Railway Company, organized under the
general incorporation act of Arkansas, received from the
State $480,000 in levee bonds, under the provision of sec-
tion 4053 of Gantt's Digest, upon their claim that said
road bed extending through the counties of Desha and
Chicot, answered the purposes of a levee for the protection
of the lands subject to overflow in said counties, including
said lands of the plaintiffs, through which said road bed
was built. That on the ———— day of ————, 1871, said
company constructed their road bed through the plaintiffs'
lands, and have since used it for the purposes of a railroad,
under an agreement with the plaintiffs to make said road
bed a full and adequate levee to protect their said lands from
overflow from the Mississippi river, in consideration that
the plaintiffs would grant them the right of way through
said lands for said road; and that the plaintiffs have fully
performed and abided by said agreement. That afterward
said company consolidated with the Mississippi, Ouachita
and Red River Railroad Company, a corporation under the
laws of Arkansas; the new company adopting the name of
the Texas, Mississippi and Northwestern Railroad Company.
That the said consolidated company was, in December,
1875, purchased by the defendant—the Little Rock, Missis-
sippi River and Texas Railway Company—who thereby
acquired all the rights, powers and privileges, franchises,
pains and penalties of its said predecessors. That the
plaintiffs, relying on the promises of said Little Rock, Pine
Bluff and New Orleans Railroad Company, at the time they
received said aid from the State, expended large sums of
money in clearing, fencing, improving and preparing their
said lands for cultivation; but said company wholly failed
to perform their said contract when receiving said aid, as

well as their said contract with the plaintiffs when obtaining the right of way through their said lands, and had made their road bed much below the level of the Mississippi river at high water, and against the remonstrance and protest of the plaintiffs.

That the defendant had neglected and refused to keep the levee in repair when it had the means of doing so, and had, against the plaintiffs' protest, and their notice to desist therefrom, caused a part of the levee built before as well as since the organization of said company, of adequate height, to be cut down and reduced, for the temporary convenience of said road; thus depriving plaintiffs' lands of the protection they had before said road was built. That by the failure of the defendant, and its predecessors, to comply with said contract, the plaintiffs have been deprived of the use of their lands, their fences washed away, and their crops, raised at great expense, destroyed by overflow, and their horses, mules and cattle drowned by the overflows, to their damage $16,700, an itemized account of which was filed with and made part of the complaint.

The defendant demurred to the complaint; the demurrer was sustained, and judgment rendered against the plaintiffs, dismissing the complaint and for cost, and they appealed.

*Mark Valentine*, for appellant:

Joinder of separate causes of action permissible. *Gantt's Digest*, sec. 4550. If not, demurrer not proper practice.

The contract of the company not *ultra vires*. *Gantt's Digest*, sec. 4943.

Defendant company at least liable for its own negligence.

*L. A. Pindall*, for appellee:

Upon first point of demurrer cited, *Gantt's Digest*, sec. 5563; on the second, third and fourth, *Smithee* v. *Garth*,

33 *Ark.*, 17 ; upon the fifth, *Field on Corporations, secs.*
248 and 257 ; *Pearce* v. *Madison and R. Co.*, 21 *How.*,
441 ; upon the sixth, *Angell & Ames on Corp., secs.* 770,
note *b.* 772–3 ; *St. of Md.*, v. *Bk. of Md.*, 6 *Gill & John-
son*, 205, 230 ; *Brinkerhoff* v. *Brown*, 7 *John., Ch.* 224–5 ;
6 *Ind., N. C.*

The defendant not liable on the contracts of the old—
being purchaser of its property under mortgage sale.

1. RAIL-
ROAD COM
PANY:
Liability
upon its
agre'me'ts
to build
road bed. EAKIN, J.    This Court held, in *Smithee, Comm'r*, v.
*Garth*, 33 *Ark.*, 17, that there was no law authorizing the
issue of "Arkansas State Levee Bonds." Hence they were
void, and their acceptance by the company imposed upon it
no duty for the neglect of which it could be held amena-
ble to the State or any individual.

. The agreement by the Little Rock, Pine Bluff and New
Orleans Railroad Company, in consideration of a right of
way over plaintiffs' land, to so build their road bed as to .
make it efficient as a levee to protect the lands, was con-
nected with, and in furtherance of, the legitimate object of
the company, and imposed upon it, as an artificial person,
a personal obligation, for a breach of which it would have
been liable to an action at law for damages. But, as set
forth, the construction of the levee was not a condition of
the grant of right of way, either precedent or subsequent.
The right of way became the property of the company, and
upon consolidation, passed to the Texas, Mississippi and
Northwestern Railroad.    Upon the consolidated road the
obligation became also binding ; and still is, if it be alive ;
not as "pains or penalties," under Section 4969 of Gantt's
Digest, but upon general principles of law and equity.
These words refer to *forfeitures* and *pecuniary punish-
ments* alone, when applied to corporations.    The sense of

*pains* is obvious. The word is not technical. For *"penalties"* see *Bouvier's Dic, in verbum.*

How the defendant corporation came into possession and control of the right of way is not definitely stated. It appears to be a purchaser. As such it would not, as a matter of law, by virtue of its purchase of the property and franchises of the said consolidated company, become bound to fulfill its personal obligations as distinct from those which were liens upon the property. If the purchasing company knew of any equities against the other in favor of third persons, and bought subject to him, it might make a different case, and perhaps afford ground for some appropriate relief in Chancery. But the obligation is not transferred *ipso facto* on the purchase. Otherwise no sale could ever be made of a railroad, from fear of coming into a *damnoso hæreditas.*

The same reasoning applies to the acts of the defendant in altering the road bed. In the absence of any allegations of notice at the time of purchase that the road bed was intended for a levee, and built as such in consideration of the right of way, they would not be answerable for any acts done on this part of the road bed, which it might have done if the right of way had been bought or condemned in the usual way.

Affirm the judgment.

*2. RAILROADS: Liability of purchasers of, for their obligations.*