ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* MISSOURI
PACIFIC RAILWAY COMPANY.

4-3066

Opinion delivered July 3, 1933.

804

*Lamb & Adams,* for appellant.

*R. E. Wiley* and *Henry Donham,* for appellee.

JOHNSON, C. J., (after stating the facts). It is perfectly clear from the Krebs contract of May 13, 1916, that

all the right and interest of appellant expired at the expiration of fifteen years from the date thereof, to-wit: May 13, 1931. It suffices to say that appellant enjoyed the full benefits of this contract up to the date of its expiration without let or hindrance by appellee or its predecessor in title, the Argenta Terminal Company.

It is next insisted that the contract of date April 20, 1916, between the Argenta Terminal Railroad Company and the St. Louis Southwestern Railway Company created covenants and conditions which ran with the land, and therefore appellant has a perpetual right to use this trackage without compensation. We cannot agree to this construction of the contract. We think that it is fairly inferable from this contract that it was the intent of the parties to create only a personal liability and responsibility thereunder. This, because the parties stipulated that a bond in the sum of $15,000 would be executed by the Argenta Terminal Railroad Company in favor of appellant guaranteeing the performance of the terms and conditions of this contract. If there has been a breach of this contract by the parties, then appellant would pursue its remedy against this bond.

In 22 R. C. L., at page 1094, it is said:

"Where a contract for a traffic arrangement, made between two railroad companies, declares that the contract and any damages for the breach of the same shall be a continuing lien upon the roads of the contracting parties, this does not constitute a lien running with the land, when, by the due course of law, it has passed into other hands, although it may be a valid contract personally enforceable between the parties. Although money due for unpaid services under the contract might be a lien on the income or property of the delinquent company, yet conjectural damages which might result to one company during the remainder of the time the contract had to run, by the failure of the other company to keep it, are not a specific lien on the property, which attached to it and follow it into the hands of a purchaser. By a mortgage executed by one company, on all its property, to secure its bonds, to a trust company, as trustee, the title

to the property passes to the trust company, without having attached to it the lien of the contract for the traffic arrangement.''

In the case of *Detroit T. & I. R. Co.* v. *Detroit & T. S. L. R. Co.*, 6 Fed. (2d) 845, the Circuit Court of Appeals held:

''A contract between two railroad companies, by which one grants to the other the right to use certain trackage, does not run with the land, but is merely personal between the parties, and not binding on the successor of one through foreclosure proceedings, unless. adopted by it.''

In the case of *Kansas City Terminal Ry. Co.* v. *Central Union Trust Company of New York,* 294 Fed. 32, the court held: ''Contracts between railroad companies for the joint ownership and use of a union station are ordinary executory operating contracts, and not covenants which run with the property of the several companies and follow it into the hands of subsequent purchasers.''

Many other decisions of State and Federal courts might be cited to the same effect. By implication, at least, this court has announced a similar doctrine wherein it held:

''A purchaser of the roadbed, property and franchises of a railroad company is not liable for its obligations which are not liens upon the property.'' *Sappington* v. *L. R. M. R. & T. R. Co.,* 37 Ark. 23.

It is next insisted on behalf of appellant that, notwithstanding the Krebs contract may have terminated, and notwithstanding the court might determine that the contract of April 20, 1916, was personal between the parties, yet appellee had no right to purchase this track as it did in 1924, because of paragraphs 18, 20 and 22 of § 1, title 49 U. S. Code.

Paragraph 18 provides: ''No carrier by railroad subject to this chapter shall undertake the extension of its line of railroad, or the construction of a new line of railroad or shall engage in transportation under this chapter over or by means of such additional or extended line of railroad, unless and until there shall have been

obtained from the commission a certificate that the present or future public convenience and necessity require or will require the construction, or operation of such additional or extended line of railroad.''

Paragraph 20 reads as follows:

''Any construction, operation or abandonment contrary to the provisions of this paragraph or of paragraph 18 of this section, may be enjoined by any court of competent jurisdiction at the suit of the United States, the commission, any commission or regulating body of the State or States affected, or any party in interest; and any carrier which, or any director, officer, receiver, operating trustee, lessee, agent, or person acting for or employed by such carrier, who knowingly authorizes, consents to, or permits any violation of the provisions of this paragraph or of paragraph 18 of this section, shall upon conviction thereof be punished by a fine of not more than $5,000 or by imprisonment for not more than three years, or both.''

Paragraph 22 provides:

''The authority of the commission conferred by paragraphs 18 to 21, both inclusive, shall not extend to the construction or abandonment of spur, industrial, team, switching, or sidetracks, located or to be located wholly within one State.''

It will be noted that paragraph 22 creates an exception to the general provisions as found in paragraphs 18 and 20, in this that it exempts from the operation of paragraphs 18 and 20 ''of spur, industrial, team, switching, or sidetracks, located or to be located wholly within one State.''

The testimony introduced in this cause convinces us that it was never the purpose or intention of the parties who owned this small amount of trackage to engage in commerce or the transportation of freight. The Argenta Terminal Railroad Company never owned or operated any rolling stock, engines or cars; it had no operating force; it had no trackage other than this small industrial switch track, which was less than a mile in length. It never promulgated or participated in any revenues from freight over either of the railroads to which it was con-

nected. We believe a fair preponderance of the testimony shows that this trackage is nothing more nor less than an industrial or spur track and comes clearly within subdivision 22 of § 1, title 49, U. S. Code.

The question here presented as to the necessity for application to the Interstate Commerce Commission for authority to purchase or construct an extension of a railroad line was presented and decided by this court in the case of *St. Louis Southwestern Railway Company* v. *Missouri Pacific Railroad Company,* 185 Ark. 825, 49 S. W. (2d) 1054, wherein the court held:

"After a careful reading and analysis of the evidence adduced in the instant case, the court has concluded that the proposed improvement is a spur within the meaning of paragraph 22, and not an extension of the line of appellee's railroad within the meaning of paragraph 18. The proposed improvement being a spur only, it was unnecessary to obtain a certificate of convenience and necessity for a crossing from the Interstate Commerce Commission before appellee could file its application before the Railroad Commission of Arkansas to fix the place and manner of the crossing."

We think that the language used by this court quoted above is controlling in this case on the question involved.

The question as to whether or not the small trackage in controversy was an extension of line or a spur or industrial track was purely a question of fact, and, since the trial court has determined that issue in favor of appellee and its findings are supported by a preponderance of the testimony, it is binding upon this court.

Let the judgment be affirmed.